UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-00230-TWP-TAB |
| ) | |
| REAGAL, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DIRECTING FINAL JUDGMENT**

This matter is before the Court on Petitioner James Phillips' ("Mr. Phillips") petition for a writ of habeas corpus, challenging his conviction in prison disciplinary case ISR 20-07-0199. For the reasons explained in this Order, Mr. Phillips' petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On July 21, 2020, Indiana Department of Correction ("IDOC") Officer Allen charged Mr. Phillips with a violation of IDOC Adult Disciplinary Code A-102, battery:

> On July 21, 2020 at 3:15PM [w]hile doing shower lines I Officer C. Allen saw an[] offender running up from the bottom range of F-Block later identified as Offender Dantez Pitts #263758 with Janus Phillips #106333 not far behind. Offender Pitts slipped on water on the 3-4F and fell and slipped into a trash can. Offender Phillips stated, "I HAVE YOU NOW". At this time offender Phillips looked like he was punching offender Pitts. I Officer C. Allen then called a 10-10. Offender Pitts got back up from the ground [and] started up to the 5-6F range. Officer C. Lloyd noticed that Offender J. Phillips had a homemade weapon and called that a weapon was involved.

Dkt. 11-1.

A photograph of the weapon is included in the record. Dkt. 11-2. An incident report further noted that Mr. Phillips handed the weapon to another offender, laid down on the range, and was then restrained. Dkt. 11-3. Offender Pitts was taken to the infirmary and then transported by ambulance to the hospital. *Id.* It was confirmed that Offender Pitts had left his cellhouse without permission. *Id.*

Officer Lloyd submitted a witness statement that: "On 7/21/20 at approx. 3:50pm [he] heard the signal called and looked down stairs and saw that Offender Phillips, Janus #10633 had a home made knife in his hand. So [he] then called out via radio" that Mr. Phillips had a weapon. Dkt. 11-8.

Mr. Phillips was notified of the charge on July 21, 2020, pled not guilty, did not wish to call witnesses, and did not request physical evidence. Dkt. 11-4. Because of the facility's COVID-19 pandemic response, Mr. Phillips' disciplinary hearing was delayed. Dkt. 11-5; dkt. 11-6.

The disciplinary hearing was held on September 17, 2020. Dkt. 11-7. Mr. Phillips testified that Offender Pitts had previously stabbed him three times, and that Pitts had escaped and entered

Phillips' cellhouse. *Id.* He stated "[i]f they would have done their job [he] wouldn't be here." *Id.* The disciplinary hearing officer considered the staff reports and Mr. Phillips' statement and found: "Conduct is clear. However victim came at offender. Phillips utilized a weapon in defense and assaulted Pitts. Offender went to outside medical but nothing mentioned on CR or witness statements." *Id.* The hearing officer found Mr. Phillips guilty, and his sanctions include deprivation of credit time and a credit class demotion. *Id.*

Mr. Phillips' administrative appeals to the Facility Head and the IDOC Final Reviewing Authority were unsuccessful. Dkt. 11-9; dkt. 11-10.

### C. Analysis

Mr. Phillips argues that Offender Pitts was allowed out of his cellhouse without permission, had attacked him before, and entered his cell during this incident. Dkt. 1 at 3. He argues that it took 60 days for his case to be heard due to the COVID-19 pandemic protocols. *Id.*; dkt. 12. He contends that his "due process rights were violated under Policy 02-04-101." *Id.* at 3.

#### 1. Violations of Policy

Mr. Phillips' arguments that his due process rights were violated because certain IDOC policies were not followed fail. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal

regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, Mr. Phillips is not entitled to habeas relief on these grounds.

### 2. Due Process Protections Under *Wolff*

Mr. Phillips has not shown that he was deprived of any of the protections afforded to him under *Wolff*. First, he was given more than 24 hours advanced written notice of his battery charge—in fact his hearing was twice delayed. Regarding Mr. Phillips' argument that this delay was for COVID-19 restrictions, due process does not include protection of any maximum period of time between the incident and the date of the disciplinary hearing. Even if a due process interest could be implicated in some extreme circumstance, none is implicated by this modest delay during an unprecedented pandemic.

Second, he did not elect to call any witnesses or seek any physical evidence, and thus, he was not denied any opportunity to present evidence at his hearing. He has not made argument to the contrary. Third, he has not argued that the hearing officer's written statement articulating the reasons for his guilty finding was somehow inadequate.

Finally, the Court construes Mr. Phillips' argument that it was Offender Pitts who escaped and wrongfully entered his cell to cause the incident as a challenge to the sufficiency of the evidence to support his charge. The Court will briefly consider the fourth prong of the *Wolff* protections.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v.*

*Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Here, the conduct report provides "some evidence" that Mr. Phillips chased Offender Pitts, said he "had him now," when Offender Pitts slipped and fell, appeared to punch him, and had a homemade weapon. Dkt. 11-1. The incident report and witness statement further corroborated the conduct report—and included that Offender Pitts was taken by ambulance to the hospital as a result. Dkt. 11-3; dkt. 11-8. Mr. Phillips does not dispute that a physical altercation occurred. Dkt. 11-9.

While it is an unfortunate circumstance that Mr. Phillips may have suffered previous attacks by Offender Pitts and that Offender Pitts left his cellhouse without permission and entered Mr. Phillips' cell, Mr. Phillips' argument does not entitle him to habeas relief. The Seventh Circuit has consistently held that there is no constitutional right to self-defense in the prison disciplinary context. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs*, 485 F.3d at 938-39; *Rowe v. DeBruyn*, 17 F.3d 1047, 1049 (7th Cir. 1994).

Accordingly, Mr. Phillips received all the protections to which he was afforded under *Wolff*, and there was "some evidence" to support his battery conviction.

### D. Conclusion

The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Phillips to the relief he seeks.

Accordingly, Mr. Phillips' petition for a writ of habeas corpus is **denied** and this action is **dismissed** with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   10/4/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov